IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE DAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-3165-JWL |
| ) | |
| ROGER WERHOLTZ, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

In this action, plaintiff, an inmate at Hutchinson Correctional Facility in Hutchinson, Kansas, brings claims against various state prison officials (in their individual and official capacities) and Correct Care Solutions (CCS) (and unknown employees of CCS). In his pro se complaint, plaintiff alleges that he was wrongfully denied the opportunity to apply for a particular job with a private company under the prison system's "private non-prison employment" program on the basis of his condition as a diabetic. Plaintiff alleges that he suffered discrimination on the basis of a disability in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff also appears to assert claims under 42 U.S.C. §§ 1983 and 1985 for violations of the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment's prohibition against cruel and unusual punishment, based on the same alleged discrimination.

This matter comes before the Court on the defendants' motions for summary judgment (Doc. ## 25, 28). Because plaintiff has failed to exhaust his available administrative remedies, defendants' motions are **granted**, and plaintiff's claims are **dismissed without prejudice**.[1]

I.    **Procedural Background**

Defendants filed their motions for summary judgment on December 27, 2007, but plaintiff did not file a timely response to either motion. On February 1, 2008, the Court ordered plaintiff to show cause by February 15, 2008, why he had not responded to CCS's motion, and it ordered plaintiff to file any response by that date (Doc. # 30). On February 20, 2008, the Court received a letter from plaintiff, dated February 9. In that letter, plaintiff stated that he did not know that a response was required, and he requested an extension of 12 days in which to respond. On February 19, 2008, the Court received plaintiff's "Answer to Defendent Summary Judgement (sic)", which was dated February 10. Finally, on March 6, 2008, the Court received another letter from plaintiff, which included a single-page exhibit that had been "misplaced during a routine shake-down"

---

[1] Defendants have raised their exhaustion arguments in the context of motions for summary judgment. *See Jones v. Bock*, 127 S. Ct. 910, 921 (2007) (exhaustion need not be specifically pleaded or demonstrated in a prisoner's complaint; failure to exhaust constitutes an affirmative defense under PLRA). The Court does not award defendants summary judgment here, however, but instead dismisses plaintiff's claims without prejudice. *See, e.g., Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (unexhausted claims are to be dismissed without prejudice) (citing *Jones*, 127 S. Ct. at 924-26).

2

by prison officials.

Because plaintiff's responses to the Court's show cause order were received and filed after the deadline and because plaintiff did not certify that he deposited those responses with the prison mail system prior to the deadline, the responses are untimely. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). Nevertheless, in the absence of any objection from defendants to the submissions of the pro se plaintiff, and based on plaintiff's representation that he did not receive the show cause order until February 9, 2008, the Court will consider his written response, including the submitted exhibit, in opposition to defendants' motions.

### II.     **Exhaustion Analysis**

Defendants argue that plaintiff failed to exhaust available administrative remedies before filing suit, as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). That statute provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* In arguing that plaintiff failed to exhaust administrative remedies before filing the present suit, defendants cite evidence from various prison officials indicating that plaintiff did not file any administrative grievance alleging disability discrimination or otherwise complaining about the rejection of his application on the basis of his diabetes.

In his complaint, plaintiff alleges that "[t]here is no exhaustion requirement for claims brought under Title II of the ADA." Although Title II itself does not include an express exhaustion requirement, the PLRA plainly requires exhaustion with respect to any such claim by a prisoner, as the PLRA requires exhaustion for any action brought under section 1983 "or any other Federal law". *See Jones v. Smith*, 109 Fed. App'x 304, 307 (10th Cir. Sept. 13, 2004) (citing *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001)); *Kearns v. Johnson Co. Adult Detention Ctr.*, 2006 WL 148889, at *2 (D. Kan. Jan. 19, 2006).

The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In this case, plaintiff's claims arose from the rejection of his application for work outside the prison as part of a prison program. Thus, the present suit involves a particular episode of plaintiff's prison life, and the PLRA therefore requires plaintiff to have exhausted his available administrative remedies.

Plaintiff alleges in his complaint that he "has exhausted his available administrative remedies by presenting his grievance about the present claims to the attention of the defendants named herein." He has not demonstrated, however, that he followed the prescribed grievance procedures for prisoners set forth in the applicable state regulations, which provide for successive grievances to a prison unit team member, the warden, and the Kansas Secretary of Corrections. *See* Kan. Admin. Regs. §§ 44-15-

4

101 to -106.  Thus, plaintiff failed to exhaust "such administrative remedies as [were] available," as required by the PLRA.

Plaintiff has submitted a letter from a prison official, which he argues "shows [defendants] had knowledge of my situation before a filed this lawsuit."  In the letter, the official states his understanding that plaintiff "wished for a transfer to another facility and had apparently been told they would not take inmates with any chronic care issues."  The official further notes plaintiff's agreement to continue to take medications and attend his chronic care appointments, despite his earlier requests to discontinue such treatment, in light of the risk to plaintiff's health.  Plaintiff also states in his written response to the motions that "[i]n the past, administrative remedies like submitting grievances, property claims, etc. seem to 'disappear' or those in authority did not receive them in a 'timely manner' which troubles me to say the least."  Finally, one prison official, Patty James, stated in her affidavit that although plaintiff did not file a formal grievance with her about the rejection of his application, he did tell her that "he felt he was being punished for being a diabetic and it was affecting him getting a minimum wage job."

Plaintiff has not established the requisite exhaustion of administrative remedies.  Despite plaintiff's oral complaint to one official and his suggestion that grievances sometimes "disappear," he has not represented or provided any evidence that he actually pursued grievances and appeals in conformity with the applicable grievance regulations, including complaints to the warden and secretary.  Therefore, plaintiff has failed to exhaust available administrative remedies in accordance with the PLRA.  *See Jernigan*

5

*v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."); *see also Smith v. Rudicel*, 123 Fed. App'x 906, 907 (10th Cir. Feb. 17, 2005). The Court thus dismisses plaintiff's claims without prejudice.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motions for summary judgment (Doc. ## 25, 28) are **granted**, and plaintiff's claims are **dismissed without prejudice**.

IT IS SO ORDERED.

Dated this 16th day of April, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] In light of this conclusion, the Court declines to address defendants' arguments in favor of summary judgment on the merits of plaintiff's claims.